IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Pamela Kay Keeney, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Philip G. Reinhard |
| | ) | |
| vs. | ) | |
| | ) | |
| Techalloy Company, Inc., et al., | ) | Case No. 21 C 50301 |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, the motion to remand [18] is granted. This case is remanded forthwith to the Circuit Court for the 22nd Judicial Circuit, McHenry County, Illinois.

## STATEMENT-OPINION

Plaintiff, Pamela Kay Keeney, a citizen of Illinois, filed this action in the Circuit Court for the 22nd Judicial Circuit, McHenry County, Illinois. Defendants, Phibro-Tech, Inc. and C.P. Chemicals, Inc. ("Removing Defendants"), both Delaware corporations with their principal places of business in New Jersey, removed the case to this court on July 30, 2021, premised on this court's diversity of citizenship jurisdiction. Among the numerous defendants named in the complaint are several defendants alleged to be Illinois citizens: Arcelormittal USA Foundation, Inc. (principal place of business in Illinois), Viking Chemical Company (Illinois corporation with principal place of business in Illinois), Gerry Roup, Richard Perlick, Richard Gustafson, Mike Grunthaner, David Plencner, and Terry Tamanausksas. Removing Defendants' notice of removal asserted all the Illinois defendants were fraudulently joined and thus should be disregarded for purposes of subject matter jurisdiction and dismissed as defendants in this case. Plaintiff moved to remand [18][1] because the presence of the Illinois defendants means there is a lack of complete diversity of citizenship depriving this court of subject matter jurisdiction.[2]

"A plaintiff typically may choose its own forum, but may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). The "fraudulent joinder" doctrine allows a court considering removal to disregard the citizenship of certain nondiverse defendants, assume jurisdiction, and dismiss the nondiverse defendants, thereby retaining jurisdiction. *Id.* Fraudulent joinder is difficult to establish. A defendant must demonstrate that, after resolving all issues of fact and law in plaintiff's favor, the plaintiff could not state a claim against the nondiverse defendants. *Id.* at

---

[1] The court has an independent duty to assure it has subject matter jurisdiction. The presence of the nondiverse defendants in a removed case triggers an analysis of subject matter jurisdiction without a motion to remand. Subject matter jurisdiction is not waivable.

[2] Defendants moved to strike plaintiff's reply or alternatively to be allowed to file a surreply. The court did not consider plaintiff's reply in deciding the motion to remand and so does not address the arguments raised by defendants in the motion to strike.

764. "A defendant faces a heavy burden to demonstrate that the joinder is fraudulent." *Id.* (quotation marks and citations omitted). "The standard of review applied to fraudulent joinder is even weaker than that applied to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The court looks only to determine whether the claims against the nondiverse defendant are "wholly insubstantial and frivolous." *Robles v. Nexstar Media Group, Inc.*, No. 17 C 08551, 2018 WL 898464, * 2 (N.D. Ill. Feb. 15, 2018) (quotation marks and citations omitted). The question is whether defendants have shown that plaintiff could not state a claim against the nondiverse defendants not whether plaintiff has stated a claim against them. *Id.*; *see also Kasal v. Stryker Corporation*, No. 17-CV-1001-JPS, 2017 WL 4162312, * 4 (E.D. Wis. Sept. 9, 2017). Defendants must show that plaintiff has no chance of success on a claim against the nondiverse defendants. *Schumacher v. Sterigenics U.S., LLC*, 394 F. Supp.3d 837, 847 (N.D. Ill. 2019). The price of improperly finding fraudulent joinder is a lack of jurisdiction to determine the merits of the case, which would lead on appeal to the vacation of any dispositive order/judgment and remand to the state court to start the case over from scratch. *See, Schur*, 577 F.3d at 768.

The complaint in this case is voluminous. The court will only discuss allegations pertinent to resolving the question of subject matter jurisdiction. Defendant Central Wire, Inc. operated a plant in Union, Illinois. Plaintiff lived in proximity to the plant from 1962-1985. The plant utilized a hazardous substance, TCE, as well as other hazardous substances in its operations. TCE and the other hazardous substances leached from the plant into the groundwater and migrated, and continues to migrate, through the groundwater to areas surrounding the plant contaminating the water supply. The contamination of the water supply has caused serious health problems for the plaintiff as well as others who have ingested the contaminated water.

The complaint names several employees and former employees of Central Wire as defendants. Some of these employees are of diverse citizenship from plaintiff (Lopes, Reed, Hannewald) and some are nondiverse (Roup, Perlick, Gustafson, Grunthaner, Plencner, and Tamanauskas). Roup was general manager of the plant from 2005-2020. Perlick was the general manager of the plant from 1990-1997. Gustafson was the production manager of the plant from 2000-2020. Grunthaner was the production manager of the plant from 1990-2006. Plencner was the environmental supervisor of the plant from 1986-2009. Tamanauskas was a general manager at the plant from 2020 through the filing of the complaint.

The court will confine its discussion to Roup and Perlick. The complaint alleges that each of them "[h]ad a duty to exercise ordinary care for those living near the plant breathing, drinking or otherwise ingesting air and water containing TCE and other contaminants from the factory," Dkt # 1-1, p. 206, 210; that each knew or should have known "that TCE and other contaminants were unsafe to humans if they entered the water supply *Id.;* that each "[f]ailed to alert and advise residents, including [plaintiff] that TCE [and other contaminants] had entered the ground water," *Id.*, p. 207, 211; that each "[f]ailed to timely and properly warn residents including [plaintiff], of the hazards associated with TCE [and other contaminants]," *Id.*; that as a direct and proximate result of one or more of these negligent acts plaintiff was exposed to these contaminants causing plaintiff to develop auto-immune diseases, including but not limited to multiple sclerosis. *Id.*

Defendants argue the nondiverse defendants were fraudulently joined in the complaint. They contend none of the nondiverse defendants could be held liable to plaintiff for negligence because none of them owed a duty of care to plaintiff. As to the nondiverse defendants who

were employees of Central Wire, defendants argue that plaintiff has failed to articulate any legal duty any of these employees owed her. Defendants maintain that for a claim to have a reasonable possibility of success, the complaint must at least suggest an independent duty the defendant employee owed the plaintiff apart from the duty owed by his employer. Defendants contend plaintiff has not alleged an independent duty beyond mere employment status. The question, when considering if a nondiverse defendant was fraudulently joined, is, construing all issues of fact and law in plaintiff's favor, has defendant shown plaintiff *could not* state a claim for relief against that defendant.

A "claim for relief" is plaintiff's expression of the wrong done to him. <u>Albiero v. City of Kankakee</u>, 122 F.3d 417, 419 (7th Cir. 1997). It is "the aggregate of operative facts which give rise to a right enforceable in the courts." <u>Sojka v. Bovis Lend Lease, Inc.</u>, 686 F.3d 394, 399 (7th Cir. 2012) (quotation marks and citations omitted). So, when a court considers a Rule 12(b)(6) motion, if some plausible theory can be identified that would entitle the plaintiff to relief on its claim, that claim may not be dismissed. <u>KFC Corp. v. Iron Horse of Metaire Road, LLC</u>, No. 18 C 5294, 2020 WL 3892989, * 3 (N.D. Ill. Jul. 10, 2020).

Plaintiff's claim against the nondiverse employee defendants is that she was injured by certain of their acts or omissions. She has identified negligence as a legal theory that entitles her to relief on her claim. If the court were considering a 12(b)(6) motion, the question would be whether negligence, or any other legal theory the court could identify, would entitle plaintiff to relief based on any of the acts or omissions plaintiff alleged caused her injury. *Id.* Since the issue here is whether the nondiverse employee defendants were fraudulently joined, the question is whether *defendants* have shown that *none* of the acts or omissions plaintiff alleged caused her injury could entitle her to relief against these defendants under any identified legal theory.

"A defendant's stringent burden of proof in establishing a claim of fraudulent joinder is not met by pointing to supposed defects in a plaintiff's pleading." *Hauck v. ConocoPhillips Co.*, No. 06-135-GPM, 2006 WL 1596826, * 4 (S.D. Ill. June 6, 2006). "[A] removing defendant cannot allege vague and inconclusive pleadings as a basis for finding that plaintiffs have no claim against non-diverse defendants." *Id.* (citation omitted). "[T]he fact that a plaintiff makes vague and conclusory allegations does not mean defendants have demonstrated fraudulent joinder." *Id.* (citation and quotation marks omitted). "The court does not shift the burden of proof on a claim of fraudulent joinder to plaintiffs." *Id.* Defendants must *show* plaintiff cannot state a claim against the nondiverse defendants not simply assert she has not or cannot do so.

Under Illinois law, "every person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act, and such duty does not depend upon contract, privity of interest or the proximity of relationship, but extends to remote and unknown persons." *Schur*, 577 F.3d at 766 (quotation marks and citation omitted); *Schumacher*, 394 F. Supp.3d at 848. A duty to warn exists where there is unequal knowledge, actual or constructive, of a dangerous condition, and the defendant who possesses this knowledge knows or should know that harm might or could occur if no warning is given. *Hutchinson v. Fitzgerald Equipment Company, Inc.*, 910 F.3d 1016, 1022 (7th Cir. 2018), citing, *Happel v. Wal-Mart Stores, Inc.*, 766 N.E.2d 1118, 1123 (Ill. 2002). In an Illinois negligence action, the duty to warn co-exists with the corresponding liability for the hazard if no warning is given. *Sculles v. American Environmental Products, Inc.*, 592 N.E.2d 271, 273 (Ill. App. 1992).

The owner of the plant is alleged to have created the dangerous condition and, therefore, would have the duty to warn those who might be harmed if no warning was given. *Id.* While a defendant who is not liable for the existence of the hazard in the first instance, is under no duty to warn of it, *id.*, Illinois recognizes that an employee may be liable to third parties for the employee's own negligence for a failure to use reasonable care for his acts or omissions in the course of his employment which injure third parties. *Schur*, 577 F.3d at 766; *Hauck*, 2006 WL 1596826 at * 4.

"[A]n agent is liable in tort to a third party harmed by the agent's conduct when the agent breaches an independent duty that she owes *to the third party*." *Schur*, 577 F.3d at 766 (emphasis in original). "If the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in a manner of executing it, so as not to cause any injury to third persons which may be the natural consequence of his acts." *Id.* (quotation marks and citation omitted). "It is not [the agent's] contract with the principal which exposes him to, or protects him from, liability to third persons, but his common-law obligation to so use that which he controls as not to injure another. That obligation is neither increased nor diminished by his entrance upon the duties of agency; nor can its breach be excused by the plea that his principal is chargeable." *Id.*, quoting *Baird v. Shipman*, 23 N.E. 384, 384 (Ill. 1890).

Illinois also recognizes that a party may be liable in tort for breach of a voluntary undertaking. *Hutchinson,* 910 F.3d at 1023. "[A] party is liable for a voluntary undertaking if: (a) a party undertakes to do something and then fails to exercise reasonable care in a way that increases a third party's risk of harm; (b) undertakes to perform a duty that a different party was obliged to perform and then negligently fulfills its duty; or (c) a third party relies to its detriment on the fact that a duty has been voluntarily undertaken." *Id.* (quotation marks and citation omitted). "[W]hether a voluntary undertaking has been assumed is necessarily a fact specific inquiry." *LM v. United States*, 344 F.3d 695, 700 (7th Cir. 2003).

The question then is whether defendants have shown that neither Roup nor Perlick could have had a duty to warn plaintiff of the presence of TCE and other contaminants in the groundwater and of the health hazards presented thereby. In order to meet their burden of proof, they must show it is not possible that Roup or Perlick could have either undertaken the duty to warn in the course of their employment or otherwise voluntarily undertaken the duty.

Defendants argue that Central Wire owned the plant not any of the employees so only Central Wire could have a duty to the plaintiff. They contend plaintiff has not articulated any legal duty any of the employees owed her and that to have a reasonable possibility of success plaintiff must suggest an independent duty the defendant owed her beyond mere employment status. They argue the complaint's breach of duty allegations are stated to be the same against all the employee defendants.

However, pointing to pleading deficiencies does not meet defendant's burden to show fraudulent joinder. 2006 WL 1596826 at * 4. The complaint alleges a failure to warn. Roup and Perlick were general managers of the plant. The complaint alleges each of them knew TCE and other contaminants had entered the ground water, knew these contaminants, when present in the groundwater, were unsafe for humans, and failed to warn residents, including plaintiff, that the contaminants were present in the ground water and posed a hazard to humans who were exposed to the contaminants. As defendants point out in their response brief, one of the complaint's alleged breaches of duty by the employee defendants is a failure to warn. As discussed above, an

4

independent duty to warn, like any duty, may arise from actions taken as an employee in the course of employment or by voluntary undertaking. Defendants have not shown that neither Roup or Perlick could have had a duty to warn.

Defendants argue the court should apply the reasoning in *Hoidas v. Wal-Mart Stores, Inc.*, No. 09 C 7409, 2010 WL 1790864 (N.D. Ill. Apr. 30, 2010) which found that the manager of a Wal-Mart store had been fraudulently joined in a slip and fall case because the manager had no duty to the plaintiff where the complaint alleged only that the manager owed a duty to exercise a reasonable degree of care in the inspection of the premises where the plaintiff had fallen in the parking lot. However, here the complaint is not alleging the defendants failed to find an unknown defect due to their failure to search for unknown defects.

The complaint alleges each of these defendants knew of the contamination, knew that it posed a hazard to plaintiff and the other residents and that each failed to warn of the hazard. Defendants were aware from the complaint that plaintiff was raising a failure to warn. It was defendant's burden to show plaintiff could not establish any of the nondiverse employee defendants had a duty to warn her. It is a heavy burden but it is the burden that must be met.

Defendants have not met their heavy burden of showing plaintiff could not state a claim against Roup and Perlick. *Schur*, 577 F.3d at 764. Because the court finds that Roup and Perlick were not fraudulently joined, this court lacks subject matter jurisdiction over this case, and it must be remanded.[3]

Plaintiff asks the court, in its motion, to order the Removing Defendants to pay costs and expenses including attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). However, she does not make any argument in support of this request. While she cites *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000), a case discussing an award of costs, she does so in the context of an argument that she did not engage in forum shopping. Since plaintiff has not made an argument as to why costs should be awarded, the court declines to award them.

For the foregoing reasons, plaintiff's motion to remand [18] is granted. This case is remanded forthwith to the Circuit Court for the 22nd Judicial Circuit, McHenry County, Illinois.

Date: 3/31/2022                  ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)

---

[3] Defendants attached an order [183] entered by Magistrate Judge Schneider in *Harper v. Central Wire, Inc.*, 19 cv 50287 which denied, pursuant to 28 U.S.C. § 1447(e), that plaintiff's motion to amend her complaint to join certain nondiverse defendants, as well as other defendants (including Roup, Perlick, and other Illinois citizens), and argued that its reasoning should be applied in this case. The plaintiff in *Harper* filed an objection to that order, which will be reviewed by this court in that case under Fed. R. Civ. P. 72. The order found plaintiff's proposed amended complaint failed to state a claim against Roup, Perlick, and the other Illinois employee defendants, which, as discussed above, applies a different standard than is applied for determining fraudulent joinder.